UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| CHARLES N. HOLCOMB, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-00081-HSM-SKL |
| | ) | |
| TE CONNECTIVITY, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This is a *pro se* employment discrimination case, filed pursuant to Title VII of the Civil Rights Act of 1964 and the Equal Pay Act [Doc. 2]. Plaintiff Charles Holcomb, II ("Plaintiff"), is a former employee of Defendant TE Connectivity ("Defendant" or "TE"). Previously, Plaintiff filed two discovery motions: a "Motion to Deem Requests Admitted Over Objections" [Doc. 25], and a "Motion to Deem/Compel Request for Production over Objections" [Doc. 28]. The Court denied the motion to deem requests admitted on the grounds that the requests were oppressive and unduly burdensome due to the excessive number of requests and their convoluted nature [Doc. 35 at Page ID # 302-03]. The Court denied the motion to compel concerning Plaintiff's requests for production ("RFP") because Plaintiff failed to confer with Defendant in good faith prior to filing the motion [*id.* at Page ID # 304].

The order denying the motions noted Plaintiff was required to initiate the required good faith conferral with Defendant within 14 days, and if the parties could not resolve all of the discovery issues, he could file a new motion and supporting brief of no more than 10 pages within 45 days [*id.* at Page ID # 312]. The Court also put the parties on notice that it would consider sanctions for any discovery abuses pursuant to Federal Rule of Civil Procedure 37.

Since then, Plaintiff has filed two documents, titled "Ini[ti]ation of Good Faith Conferral as Ordered" [Doc. 36], and "Answer to Co[u]rt's Suggestings (sic) to Narrow and Explain Request for Admissions Numbers 1, 2, 7, and 10-19" [Doc. 37]. In the first filing, Plaintiff states that he "assumes this correspondence is representative of the intent to 'in good faith' confer concerning the items requested in both the Request for Admissions and the Request for Production." [Doc. 36 at Page ID # 315]. In the second filing, Plaintiff attempts to address why he believes some of the items he requested in his RFP are relevant.

Neither document indicates Plaintiff has conferred or attempted to confer in person with Defendant to resolve any remaining discovery issues in good faith, and neither filing is a motion or supporting brief of ten pages or less. Plaintiff is again reminded that all discovery in this case must be completed by May 28, 2019. After this date the Court will not involve itself in any disputes concerning discovery. This means any motion to compel or other discovery motion must be filed and fully briefed by both sides in sufficient time for the Court to address it prior to May 28, 2019.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE